IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 18 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01116-ZLW

MICHAEL KIRK LEGGETT,

Applicant,

v.

RON WILEY,

Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Michael Kirk Leggett has filed *pro se* on August 4, 2006, a "Request for Court to Take Action on Application for Habeas Corpus" and a "Motion to Re-Open Application for Habeas Corpus Writ." The "Request for Court to Take Action on Application for Habeas Corpus" will be denied as moot because the Court dismissed the instant action in an Order and Judgment of Dismissal filed on July 28, 2006. In the "Motion to Re-Open Application for Habeas Corpus Writ" Mr. Leggett asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal. The Court must construe the motion to reconsider liberally because Mr. Leggett is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Leggett filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice because Mr. Leggett failed to cure the deficiencies. More specifically, Mr. Leggett failed either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mr. Leggett alleges in the motion to reconsider that the Court should not have dismissed this action because the money to pay the filing fee was withdrawn from his inmate account on June 1, 2006.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Leggett fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. As Mr. Leggett was informed in the Order and Judgment of Dismissal, there is no entry in the Court's docketing records reflecting payment of the filing fee in this action. Therefore, the motion to reconsider will be denied. Mr. Leggett is reminded that, because the Court dismissed the instant action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the "Request for Court to Take Action on Application for Habeas Corpus" filed on August 4, 2006, is denied as moot. It is

FURTHER ORDERED that the "Motion to Re-Open Application for Habeas Corpus Writ" filed on August 4, 2006, is denied.

DATED at Denver, Colorado, this _18_ day of ___Aug.___, 2006.

BY THE COURT:

_/s/ Zita L. Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01116-BNB

Michael Kirk Leggett
Reg. No. 83644-011
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _8-18-06_

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk